IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40975
(Summary Calendar)
_____

SONNY WILSON,

Plaintiff-Appellant,

versus

JENNIFER REEVES, Correctional
Officer, Coffield Unit,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(96-CV-1100)
--------------------
April 14, 2000

Before POLITZ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Sonny Wilson, Texas prisoner # 684871, argues that the district court erred in dismissing his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim. Wilson alleged that he was subjected to the excessive use of force by a prison guard and that the guard was acting in retaliation for Wilson's filing complaints against her with her supervisors.

An IFP complaint may be dismissed as frivolous pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1915A(b) if it has no arguable basis in law or in fact. Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). We review a dismissal as frivolous under § 1915A(b) for abuse of discretion. Ruiz, 160 F.3d at 255.

In contrast, we review de novo the § 1915A(b) dismissal of a civil rights complaint for failure to state a claim. Id.; see Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998). A district court's dismissal of a complaint for failure to state a claim will be upheld only if, taking the plaintiff's allegations as true, it appears that no relief could be granted on the plaintiff's alleged facts. See Bass v. Parkwood Hosp., 180 F.3d 234, 240 (5th Cir. 1999).

In reviewing Wilson's allegations the district court failed to treat his allegations as true and construe them in the light most favorable to the him. If Wilson's allegations are accepted as true, they support a claim that Officer Reeves maliciously pulled the free handcuff in order to injure Wilson's handcuffed hand. Wilson's allegations are also inconsistent with the district court's determination that Reeves was attempting to obtain the handcuffs to restore discipline and security. Wilson alleged that Reeves did not attempt to unlock the remaining handcuff cuff although the key was in the cuff's lock prior to her use of force.

2

Also contrary to the district court's determination, Wilson alleged that he did not pull back on the cuffs until Reeves refused his request to stop pulling the cuff because it was hurting his hand.

Wilson's allegations, if true, reflect that Reeves acted maliciously with intent to injure Wilson and not to restore discipline or security in the prison. Wilson's allegations thus are not indisputably meritless. The district court abused its discretion in dismissing the excessive-force claim as frivolous and erred in granting the motion to dismiss based on failure to state a claim. See Hudson v. McMillian, 503 U.S. 1, 7 (1992).

The district court also erred in dismissing Wilson's claim of retaliation. In addressing Wilson's first appeal, we determined that he had stated an arguable retaliation claim. See Wilson v. Reeves, No. 97-40836 (5th Cir. Apr. 30, 1999). Further, Wilson's allegations reflect that Reeves was aware that Wilson intended to report her misconduct to her superior. The allegations further reflect that in response to Wilson's request to see a supervisor, Reeves responded with the immediate use of force and expressions of outrage about the lies Wilson had allegedly told about her. Wilson also alleged that he had reported Reeves's misconduct to her supervisors in the past.

Accepting this chronology of events as true, such facts could support a finding that Reeves maliciously injured Wilson because of his prior complaints about her and because of his intent to report her misconduct in the shower area to her supervisor. Wilson's

3

allegations are sufficient to state an arguable retaliation claim. Woods v. Smith, 60 F.3d 1161, 1164, 1166 (5th Cir. 1995).

The judgment of the district court dismissing the complaint is vacated, and the case is remanded to the district court for further proceedings consistent with this opinion.

VACATED and REMANDED.