IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40901
Conference Calendar
_____

MELVIN JACKSON,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION; UNIDENTIFIED DAVIS,
Correctional Officer III, Second Shift Officer;
UNIDENTIFIED GRIFFIN, Correctional Officer III, Second
Shift Supervisor,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:00-CV-31
---------------------
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Melvin Jackson, Texas state prisoner #445084, proceeding pro
se and in forma pauperis, challenges the district court's
dismissal of his 42 U.S.C. § 1983 lawsuit as frivolous and for
failure to state a claim.  Although Jackson asserted in the
district court that the defendants failed to protect him from
another inmate and failed to supervise prison employees, he has

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

not raised on appeal, and has thus abandoned, those claims.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

For the first time on appeal, Jackson has raised an equal protection claim.  "The Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try again on a different theory."  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999) (internal citation omitted).  This court will therefore not consider Jackson's equal protection claim.

Because Jackson's appeal is without arguable merit, it is frivolous and must be dismissed.  See Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir. 1998); see also 28 U.S.C. § 1915(e)(2)(B)(i); 5th Cir. R. 42.2.  This dismissal of a frivolous appeal following the district court's dismissal of the lawsuit as frivolous constitutes two strikes against Jackson for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  If one other district court action or appeal filed by Jackson is dismissed as frivolous, he will be barred from bringing a civil action or appeal as a prisoner proceeding in forma pauperis unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.