**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-20950

WISTING FIERRO RUIZ,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA; MICHAEL N. MILBY; KENNETH M. HOYT, U.S.
District Judge; JANET RENO, U.S. Attorney General; KATHELEEN
HAWKS; WARDEN OF FEDERAL CORRECTIONAL INSTITUTE OAKDALE;
JOHN & JANE DOE, 1, 2, 3,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas

November 20, 1998

Before REYNALDO G. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:

Wisting Fierro Ruiz, federal prisoner No. 59534-079, appeals the district court's dismissal of his complaint under 28 U.S.C. § 1915A. In his appellate brief, Ruiz challenges the dismissal of his claims based on the prison officials' failure to deliver to him incoming mail notifying him of final judgments dismissing a 28 U.S.C. § 2255 motion and a FED. R. CIV. P. 41(e) motion for return of property. Primarily due to Ruiz's transfer to another prison facility, he did not receive notice of the dismissals until after

the appellate deadlines had passed. Because of this lost opportunity to appeal the dismissal of his underlying claims, Ruiz then made claims in the district court for: (1) damages for the loss of his jewelry under the Federal Tort Claims Act ("the FTCA"), 28 U.S.C. § 2674 and § 1346(a)(2); (2) damages for the failure to receive his mail under the FTCA; (3) injunctive relief for the breach of an implied contract to deliver his mail; and (4) a loss-of-access-to-the courts claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and under 28 U.S.C. § 1346(a)(2).

We are first confronted with the issue of which standard of review to use when reviewing a trial court's dismissal pursuant to § 1915A. As part of the screening process of prisoner complaints under § 1915A, a trial court is directed to "dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted . . ." We are currently aware of no authority in this Circuit which has previously determined the proper standard to review appeals dismissed pursuant to this section. Unlike § 1915, § 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding in forma pauperis ("IFP"), and also does not distinguish between dismissals as frivolous and dismissals for failure to state a claim.

An IFP complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact. A dismissal under § 1915(e)(2)(B)(i) is reviewed for abuse of discretion, *see* Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.

2

1997), while a dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is reviewed under the same *de novo* standard as dismissals under FED. R. CIV. P. 12(b)(6). *See* Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). More closely analogous to § 1915A than § 1915(e) is 42 U.S.C. § 1997e(c), which directs the district court to dismiss, on its own motion or the motion of a party, "any action brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). This Court reviews *de novo* a dismissal under § 1997e(c). *See* Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). Because the language of § 1915A tracks the language of § 1997e(c), we will therefore employ the same *de novo* standard to review dismissals pursuant to § 1915A. *Accord* McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996).

Because issues not briefed on appeal are waived, *see* S.E.C. v. Recile, 10 F.3d 1093, 1096 (5th Cir. 1993)("We liberally construe briefs in determining issues presented for review; however, issues not raised at all are waived."), we AFFIRM the lower court's dismissal of Ruiz's claims for lost jewelry under the Federal Tort Claims Act, 28 U.S.C. § 2674, and 28 U.S.C. § 1346(a)(2).

We also AFFIRM the district court's dismissal of Ruiz's FTCA

3

claim for damages caused by his failure to receive his mail because such actions are statutorily barred.  *See* 28 U.S.C. § 2680(b)("The provisions of this chapter . . . shall not apply to [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matters.");  *see also* Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992)(stating that this court may "affirm the district court's judgment on any grounds supported by the record").

The district court properly dismissed Ruiz's claims for injunctive relief against Judge Hoyt and the other defendants because Ruiz failed to "demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." Society of Separationists, Inc. v. Herman, 959 F.2d 1283, 1285 (5th Cir. 1992).

As for Ruiz's claims under either Bivens or 28 U.S.C. § 1346(a)(2) for loss of access to the courts, we also AFFIRM the ruling of the district court.  Ruiz did not receive the judgment denying his § 2255 and Rule 41(e) motions in time to file a timely appeal.  However, because we agree with the trial court's characterization of Ruiz's underlying claims as frivolous, Ruiz has failed to prove that he suffered an actual injury from his lost appeal.  This Court in Jackson v. Procunier, 789 F.2d 307, 312 (5th Cir. 1986), left open the question of whether even an intentional denial of mail "would be a deprivation of a constitutional right if it could be shown that no real prejudice resulted because the appeal was purely frivolous."  While we decline to address whether or not the acts of the defendants in this case were intentional, we

4

believe that it can be shown that no real prejudice resulted because Ruiz's appeal was ultimately frivolous.  Therefore, we hold that without proving an actual injury, a prisoner cannot prevail on an access-to-the-courts claim.  *Accord* <u>Lewis v. Casey</u>, 116 S. Ct. 2174, 2179-81 (1996).

For the foregoing reasons, we AFFIRM.