IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10732
Summary Calendar

_____

ELBERT SILAS GREEN,

                                        Plaintiff-Appellant,

versus

R O LAMPERT, SR, Warden; JANE DOE, Administrative Personnel of the
John Middleton Transfer Facility; JOHN DOE, Administrative
Personnel of the John Middleton Transfer Facility; WAYNE SCOTT,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION

                                        Defendants-Appellees

_____

Appeal from the United States District Court
for the Northern District of Texas
No. 1:97-CV-12-BA

_____

August 4, 1999

Before HIGGINBOTHAM, JONES, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

    This appeal concerns Elbert Silas Green's allegation that he
was unconstitutionally denied access to the courts by the
inadequacy of the law library in a facility at which he was
incarcerated. This inadequacy, he alleges, prevented him from
filing a 28 U.S.C. § 2254 habeas petition, which would have argued
that his trial attorney had performed ineffectively by failing to
call four eyewitnesses who would have presented an affirmative
"medical" defense.

_____

    [*]Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

A magistrate judge, acting pursuant to <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985), concluded that Green had failed to show that the allegedly inadequate library prejudiced his legal position in his criminal case or in the present case. After receiving various responsive pleadings, the magistrate judge dismissed the complaint with prejudice as frivolous, because Green had still failed to allege any specific facts to establish that inadequacies in the law library prejudiced him in a legal proceeding, as required by <u>Lewis v. Casey</u>, 518 U.S. 343 (1996). Green filed a timely notice of appeal after his motion for judgment notwithstanding the verdict was denied.

The magistrate judge's conclusion that Green has shown no prejudice is correct. To prevail under <u>Lewis v. Casey</u>, a prisoner must show actual injury. <u>See</u> <u>Ruiz v. United States</u>, 160 F.3d 273, 275 (5th Cir. 1998). Green's own allegations reflect that during the relevant period of incarceration, he still had pending a state habeas application. Even if Green could have researched and filed his § 2254 petition during that period, the petition, if filed, would almost surely have been dismissed without prejudice for failure to exhaust state remedies. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982) (requiring dismissal of § 2254 petitions containing unexhausted claims).

AFFIRMED.