No. 99-10783
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10783
Summary Calendar
_____

RAYMOND PETER GODAIRE,

Plaintiff-Appellant,

VERSUS

CPL LEWIS, ETC.; ET AL.,

Defendants,

ERIC TRAINER, Correctional Services
Corporation, also known as Esmor,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CV-205-A
--------------------
March 15, 2000

Before JOLLY, DAVIS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Raymond Peter Godaire (TDCJ # 356742) appeals the district court's dismissal of his civil rights complaint pursuant to 28 U.S.C. § 1915A(b)(1). He argues that Trainer's "actions and lack of actions" were the proximate cause of the destruction of his legal materials, and thus Trainer was responsible for violating his

constitutional right of access to the courts.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prisoner complaints may be dismissed under § 1915A(b)(1) if they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted[.]" See § 1915A(b)(1); Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998). Section 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding IFP, and does not distinguish between a dismissal as frivolous and a dismissal for failure to state a claim. Ruiz, 160 F.3d at 274. A dismissal under § 1915A is reviewed de novo. Id. at 275.

Under his own allegations, Godaire has not shown a causal connection between Trainer's actions and the alleged denial of his right of access to the courts. See Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983). Accordingly, the judgment of the district court is AFFIRMED.

Godaire has accumulated three "strikes" under 28 U.S.C. § 1915(g). The affirmance of a district court's dismissal as frivolous in the instant case counts as a single "strike." Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Godaire accrued another strike when this court affirmed the district court's dismissal as frivolous of his civil rights complaint in Godaire v. Lomo, No. G-96-CV-475. See Adepegba, 103 F.3d at 387; Godaire v. Lomo, No. 99-40322 (5th Cir. Dec. 15, 1999). He accrued an additional strike when this court dismissed his appeal as frivolous in Godaire v. Ulrich, No. 1:93-CV-658. See Adepegba, 103 F.3d at 388; Godaire v. Ulrich, No. 94-40686 (5th Cir. Sept. 30, 1994). Godaire is BARRED from proceeding in forma pauperis in any

civil action or appeal while he is incarcerated unless he is under imminent danger of serious physical injury.  See § 1915(g).

AFFIRMED; BAR IMPOSED.