IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31084
Conference Calendar
_____


MARK ANTHONY RICHARDSON,

                                        Plaintiff-Appellant,

versus

RICHARD L. STALDER, Secretary, Department of Public
Safety and Corrections; RICHARD PEABODY; MAJOR TOLLIVER;
S. BAILEY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-376-C
--------------------
June 13, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Mark Anthony Richardson (#92767), a state prisoner, has

appealed the district court's judgment dismissing his pro se

civil rights complaint as frivolous.  Richardson contends that

his right to due process was violated in connection with a prison

disciplinary proceeding because he did not violate a named rule

or a posted policy, and because he was actually innocent.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A prisoner's complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) if it has no arguable basis in law or in fact. Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir. 1998). A § 1915A(b)(1) dismissal is reviewed de novo. Id. at 275.

Under Sandin v. Conner, 515 U.S. 472, 484 (1995), a convicted prisoner's liberty interest under the Due Process Clause is generally limited to freedom from restraint which, although not exceeding the sentence in such an unexpected manner as to give rise to due process protection of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Richardson's disciplinary confinement did not involve an atypical or significant hardship in relationship to the ordinary incidents of prison life. See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest). The procedures employed by prison authorities in determining whether to place Richardson in administrative segregation did not implicate Richardson's rights under the Due Process Clause. The district court did not err in dismissing the complaint as frivolous. See Ruiz, 160 F.3d at 275.

Because the appeal is frivolous, it is DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. Rule 42.2.

APPEAL DISMISSED.