IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11166
Summary Calendar
_____

RALPH WAYNE FOWLER,

                                        Plaintiff-Appellant,

versus

ANDREW P. DAVIS, Captain; ET AL.,

                                        Defendants,

BRACKSON F. MILLS; D.J. RICHARDSON, Nurse,

                                        Defendants-Appellees.

_____
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:96-CV-261
_____
June 26, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Ralph Wayne Fowler (TDCJ # 456273) appeals the dismissal of his pro se 42 U.S.C. § 1983 complaint wherein he complained of a 1995 altercation with disciplinary officers and of the subsequent revocation of medical passes which allowed him to have a cane and allowed him to use the infirmary shower.  Fowler sued several disciplinary officers and a male nurse who were involved in the altercation.  He also sued two prison doctors.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court dismissed Fowler's claims against Fairfield, Nash, Davis, Revell, and Ratnarajah pursuant to 28 U.S.C. § 1915A. We review such dismissal de novo and examine whether such claims were frivolous, malicious, or failed to state a claim. See Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir. 1998). The court dismissed the claims against Richardson and Mills pursuant to Fed. R. Civ. P. 56(c). Again applying a de novo standard of review, we examine whether the pleadings and summary-judgment evidence presented no genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Fowler argues that the district court erred by rejecting his claims that the disciplinary officers unjustifiably disciplined him for exercising his right to free speech and used excessive force against him. He also argues that the court erred by rejecting his claim that the doctors were deliberately indifferent to his medical needs by failing to restore the medical passes. Finally, he argues that the court erred when it concluded that Richardson, the nurse, was not responsible for the revocation of the passes. We find no error in the court's holdings. Accordingly, the judgment of the district court is AFFIRMED.