IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30137
Summary Calendar
_____

FREDDIE TAYLOR,

Plaintiff-Appellant,

versus

DEWAYNE CROWELL; MAXIE, Sergeant;
VIVIAN, Sergeant; PERKINS, Sergeant;
G. HILLMAN, Assistant Warden,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Western District of Louisiana
USDC No. 99-CV-1751

_____

August 17, 2000

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Freddie Taylor, Louisiana state prisoner # 100971, appeals the district court's dismissal of his civil rights complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). A dismissal of a complaint as frivolous under § 1915(e)(2)(B)(i) is reviewed for an abuse of discretion. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). A dismissal for failure to state a claim under

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1915(e)(2)(B)(ii) is reviewed under the same de novo standard as is employed in reviewing dismissals under Fed. R. Civ. P. 12(b)(6). Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).

The district court reasoned that Taylor's due process claims were barred under the Parratt/Hudson[1] doctrine. Because Taylor does not argue his due process claims on appeal and does not address the dismissal of the claims as barred by Parratt/Hudson, he has abandoned his due process claims for purposes of this appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). He also has abandoned any claim of the denial of his right to freedom of speech by failing to raise the claim on appeal.

Taylor argues that the defendants' interference with his legal mail denied him access to the courts. He contends that the defendants hindered his ability to litigate his claim of cruel and unusual punishment in Cause No. 99-1639, which is currently pending in the Western District of Louisiana. Taylor does not suggest that his position as a litigant actually was prejudiced by the purported interference with his legal mail. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). Taylor has not demonstrated error in the district court's dismissal of his claim of denial of access to the courts.

---

[1]Parratt v. Taylor, 451 U.S. 527, 541-44 (1981), overruled in part not relevant here, Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984).

For the first time on appeal, Taylor argues that the defendants violated the Fourth Amendment by interfering with his legal mail, that in an effort to hinder his ability to litigate a claim of cruel and unusual punishment.  Taylor has not demonstrated plain error.  <u>See</u> <u>Robertson v. Plano City of Texas</u>, 70 F.3d 21, 22 (5th Cir. 1995).

A F F I R M E D.