IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41073
Conference Calendar

_____

GILBERTO S. MARTINEZ,

                                        Plaintiff-Appellant,

versus

E. CHASTAIN; A. BRICE, Correctional Officer II;
J. SHEPHERD, Correctional Officer III; CAROL MCMILLAN, RN,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:98-CV-309
--------------------
August 23, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

    Gilberto S. Martinez, Texas state prisoner # 531360, appeals the dismissal of his civil rights complaint as frivolous and for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Martinez argues that Correctional Officers Brice and Shepherd were deliberately indifferent to his health and safety and that Physician's Assistant Chastain and Nurse McMillan were deliberately indifferent to his serious medical needs.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A dismissal as frivolous under § 1915(e)(2)(B)(i) is reviewed for an abuse of discretion.  See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).  A dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is reviewed de novo. Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).

Martinez's claims against Brice and Shepherd and his claims against McMillan are mere negligence claims which are not sufficient to give rise to a 42 U.S.C. § 1983 cause of action. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Martinez has not demonstrated plain error with respect to his claim raised for the first time on appeal that Chastain was deliberately indifferent to his serious medical needs in failing to prescribe pain medication for him on October 14, 1998.  See Robertson v. Plano City of Texas, 70 F.3d 21, 22 (5th Cir. 1995).

AFFIRMED.