IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10612
Summary Calendar
_____

DENNIS RAY WALKER,

Plaintiff-Appellant,

versus

ALEXANDER M. KALMANOV,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:97-CV-179
--------------------
January 31, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dennis Ray Walker (#655576), a state prisoner, has appealed the district court's order granting the motion for summary judgment of Dr. Alexander M. Kalmanov and the district court's judgment dismissing Walker's civil rights action as frivolous.

Walker contends that the district court erred in dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B)(i) because he was not proceeding in forma pauperis ("IFP") in the district court. The district court's error was harmless. Section 1915A(b)(1), 28 U.S.C., requires the dismissal of frivolous claims and applies

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regardless whether the prisoner has paid a filing fee. See Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998).

Walker contends that the district court erred in granting Dr. Kalmanov's motion for summary judgment. Walker complains that Dr. Kalmanov "continually ejected" Walker from the Medical Department; that Dr. Kalmanov altered his medical records; that Dr. Kalmanov removed him from the Tele-Med program, preventing him from having access to specialists; that Dr. Kalmanov cancelled medications which would have relieved his pain and suffering; that Dr. Kalmanov told another doctor that Walker was a "'troublemaker'"; that Dr. Kalmanov overprescribed an antibiotic in order to clear his condition prior to an examination by Dr. Kalmanov's supervisor; that Dr. Kalmanov's affidavit and the district court's opinion were inaccurate in failing to discuss examinations of Walker by Dr. Kalmanov on May 14, 1996, July 2, 1996, August 22, 1996, and September 11, 1996; and that Dr. Kalmanov's supervisor changed Walker's medication after examining Walker in March 1997. The summary judgment evidence does not show that Dr. Kalmanov was deliberately indifferent to Walker's serious medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Walker argues that Dr. Kalmanov retaliated against him by ejecting him from the infirmary after his discussion with Walker regarding Walker's pending civil action against Dr. Kalmanov. Walker has failed to present summary judgment evidence showing that there is a genuine issue regarding the questions whether Dr. Kalmanov was motivated to retaliate against him and whether Dr.

Kalmanov's ejection of Walker from the infirmary was materially adverse.  See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

The judgment is AFFIRMED.