IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31392
Conference Calendar

_____


TELLY J. GUILLORY,

                                    Plaintiff-Appellant,

versus

ALLEN IVORY; ADAM LAFLUER; GUY O. MITCHELL;
JOHN DOE, District Attorney 13th JDC Ville
Platte,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-1781
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Telly J. Guillory (Guillory), Louisiana prisoner #320441,

appeals the dismissal of his complaint under 42 U.S.C. § 1983

against defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

This dismissal is reviewed for an abuse of discretion.  See Ruiz

v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

     In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme

Court held that a 42 U.S.C. § 1983 claim that "would necessarily

imply the invalidity" of a conviction is not cognizable until the

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

conviction has been set aside. Guillory alleged that he was illegally searched, seized, and interrogated and that his attorney violated his constitutional rights by withdrawing his motion to suppress and by withdrawing as his counsel. He claimed that defendants violated his constitutional rights, and he raised claims of intentional infliction of emotional distress, false imprisonment, and illegal arrest. If proven, Guillory's claims would call into question his conviction. See id. These claims are therefore not cognizable under 42 U.S.C. § 1983. Guillory's claims of injunctive and declaratory relief also are not cognizable under 42 U.S.C. § 1983. See Preiser v. Rodriquez, 411 U.S. 475, 488-90 (1973); Heck, 512 U.S. at 481.

Guillory's appeal is without merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2. The district court's dismissal of this case and this court's dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). We have previously informed Guillory that he has three strikes under 28 U.S.C. § 1915. See Guillory v. Cain, No. 00-30891 (5th Cir. Oct. 17, 2000). The 28 U.S.C. § 1915 bar is still in effect.

APPEAL DISMISSED AS FRIVOLOUS.