IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10844
Summary Calendar

_____

JOHN ALBERT ESTRADA, SR.,

Plaintiff-Appellant,

versus

A. DOMINGUEZ, Dr.; E. CHASE, Nurse, R. CASTRO, Warden;
WAYNE SCOTT, Director; R. FILLION, Nurse; WILLIAM GONZALES,
Dr.; BILL LONG, Dallas County District Attorney,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-64
--------------------
January 16, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

John Estrada, Texas prisoner # 744108, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous. He argues that the district court erred in holding that Heck v. Humphrey, 512 U.S. 477 (1994) barred the claims asserted in his original and supplemented complaint and that the district court erred in not ordering the completion of a Martinez report.

We review the district court's dismissal under 42 U.S.C. § 1997e(c) de novo and find no error. See Ruiz v. United States,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

160 F.3d 273, 275 (5th Cir. 1998).  We hold that the district court did not err in construing the basis for Estrada's 42 U.S.C. § 1983 complaint as an alleged breach of contract, i.e., his allegedly illegal incarceration.  Unless an authorized tribunal or executive body overturns or otherwise invalidates Estrada's sentence or conviction, his breach-of-contract claim and the consequential damages flowing therefrom are "not cognizable under [section] 1983."  Heck, 512 U.S. at 487.  Thus, the district court did not err in holding that Heck barred consideration not only of his breach-of-contract claim but all other claims which arose as a consequence of his alleged illegal incarceration.

Estrada's argument that prison policy required his "crime of record" to be inserted into his medical file, thereby subjecting him to the "wanton infliction of pain" when medical treatment for his spider bite was delayed is inadequately briefed and is therefore not considered.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  We further hold that the district court did not err in not ordering a Martinez report; Estrada was given the opportunity to specify in greater detail the nature of his claims via two court-ordered questionnaires.  See Cay v. Estelle, 789 F.2d 318, 323 (5th Cir. 1986).

This appeal is without arguable merit and is frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  It is therefore dismissed.  5th Cir. R. 42.2.

DISMISSED.