IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-60881
Summary Calendar

CHARLIE L. TAYLOR,

Plaintiff-Appellant,

versus

MELINDA EZELL; GIA MCLEOD;
MICHELLE EUBANKS,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:01-CV-150-PG

March 15, 2002

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Charlie L. Taylor, Mississippi prisoner # R6798, appeals the dismissal of his 42

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1983 lawsuit under 42 U.S.C. § 1915(e)(2)(B)(I), contending that three prison employees prevented him from adequately amending his appeal in another case, and moves to supplement the record on appeal. Finding that Taylor fails to allege prejudice stemming from the employees' actions, we affirm.

Taylor contends that three prison legal assistance employees interfered with his access to the courts by denying him supplies, notary services, copies of letters, and a transcript in order to prevent him from adequately amending his appeal in another case. To state a claim of denial of access to the courts, a prisoner must allege that the defendant's conduct actually injured him by prejudicing his position as a litigant.[1] Taylor neither alleges that he was in fact prevented from properly amending his appeal nor explains how he suffered prejudice as a litigant due to an improperly amended appeal. Accordingly, the district court did not err in rejecting Taylor's claim that he was denied access to the courts and dismissing his complaint as frivolous.[2]

Taylor's appeal is without arguable merit and is dismissed as frivolous.[3] In Taylor v. Brantley,[4] this court imposed the 28 U.S.C. § 1915(g) bar against Taylor.

---

[1] Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

[2] Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir. 1998).

[3] Id.; 28 U.S.C. § 1915(e)(2)(B)(i).

[4] No. 01-60568 (5th Cir. Feb. 21, 2002).

Taylor is therefore barred from proceeding in forma pauperis in the district court or in this court in any civil action or appeal while he remains in prison, unless he is in imminent danger of serious physical injury.[5]

Taylor's motions to supplement the record on appeal are DENIED.

---

[5] 28 U.S.C. § 1915(g).