United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-31192
Conference Calendar

_____

ABDUL THOMAS,

                                        Plaintiff-Appellant,

versus

BERYL TOUPS; PAUL D. CONNICK, JR.;
DORA RABALAIS; 24TH JUDICIAL DISTRICT
COURT, COURT OFFICIALS,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 02-CV-918-C
---------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Abdul Thomas, Louisiana prisoner # 118017, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  Thomas argues that the Clerk of Court for the Jefferson Parish 24th Judicial District denied him access to the courts by failing to file his state application for post-conviction relief, which he allegedly mailed to the clerk via

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certified mail.  He further argues that Dora Rabalais, the Director of the prison legal programs department, denied him access to the courts by withholding a certified mail receipt showing that he had mailed his application for post-conviction relief.

We conclude based on the record that the district court did not err in finding that Thomas did not mail his state application to the Clerk of Court.  Thomas has not addressed the district court's finding that the defendants did not have a duty to file his pleadings on his behalf and could not be liable for Thomas's failure to properly direct his pleadings to the Clerk of Court. Accordingly, that issue is deemed abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); see also Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987)(when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment).

With respect to Thomas's claim against Rabalais, Thomas was able to submit information from the certified mail receipt by obtaining from the U.S. Postal Service delivery information that included a scanned image of the recipient's name and address. Thus, Thomas has failed to show an actual injury.  See Lewis v. Casey, 518 U.S. 343, 351-54 (1996); see also Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998)("without proving an

actual injury, a prisoner cannot prevail on an access-to-the-courts claim").

Thomas's appeal is without merit and is frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, his appeal is DISMISSED. See 5TH CIR. R. 42.2. The district court's dismissal of the complaint and this court's dismissal of the appeal count as two strikes against Thomas for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Thomas in CAUTIONED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.