## Charles A. TAYLOR, Plaintiff–Appellant,

v.

## J. CASE, Defendant–Appellee.

### No. 03–1646.

United States Court of Appeals, Sixth Circuit.

Dec. 2, 2003.

Charles A. Taylor, pro se, St. Louis, MI, for Plaintiff–Appellant.

Before KENNEDY, MARTIN, and MOORE, Circuit Judges.

### ORDER

Charles A. Taylor, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking grievance forms and responses, Taylor filed suit against a prison grievance coordinator (J. Case) for violating his right to due process. Taylor asserted that he did not receive responses to three grievances or to his subsequent kite requesting responses and Step II grievance forms. The district court sua sponte dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2), § 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim.

In his timely appeal, Taylor essentially reasserts his claim and newly argues that his First Amendment rights were violated by the defendant's application of the "Modified Access" policy concerning grievances.

As an initial matter, we decline to address Taylor's new First Amendment claim. This court normally will only address issues which were first raised in the district court, unless exceptional circumstances are present. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996). No exceptional circumstances are present in this case.

Upon de novo review, we conclude that Taylor failed to state a due process claim against Case. *See Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000); *Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir.1998); *Wright v. MetroHealth Med. Ctr.,* 58 F.3d 1130, 1138 (6th Cir.1995). A state simply has no "federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik,* 986 F.2d 1506, 1515 (6th Cir.1993).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.