United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-41264
Summary Calendar

GILBERT SANTOS DAMIAN,

Plaintiff-Appellant,

versus

HARRY PARK,

Defendant-Appellee.

**Appeal from the United States District Court
for the Southern District of Texas
(3:02-CV-872)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gilbert Santos Damian, Texas inmate #382329, appeals, *pro se*, the dismissal of his claims brought under 42 U.S.C. § 1983. (Damian's motion for appointment of counsel is **DENIED**.)

The district court examined Damian's complaint pursuant to 28 U.S.C. § 1915A. We review such a dismissal *de novo*. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). Damian contends: he was arrested illegally on 17 February 1986; his conviction was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

the product of "unsavory objectionable fact finding"; and this action has "potential for success and [a] substantial amount of [m]onetary [d]amages ...."

To the extent Damian seeks money damages based on an alleged illegal conviction, his claim is barred under **Heck v. Humphrey**, 512 U.S. 477, 486-87 (1994). Damian has not shown that his conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. **Id.**

To the extent Damien has claims concerning future conduct, Damian challenges the district court's dismissal of his complaint for lack of standing. Damian contends he has demonstrated that his case presents a live case or controversy. He asserts that he has shown he suffered an injury that is traceable to the defendant and that the requested relief would likely redress the injury.

"Article III of the Constitution confines the federal courts to deciding actual cases and controversies." **Society of Separationists, Inc. v. Herman**, 959 F.2d 1283, 1285 (5th Cir. 1992) (citation omitted). To sufficiently allege a case or controversy, the "plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical'".

2

*City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (citations omitted).

Damian has not established a case or controversy because his contention that he will face future misconduct is entirely speculative. *See* **Herman**, 959 F.2d at 1285. Damian has not alleged any facts that would render the likelihood of future injury any more than a remote and speculative possibility. *See* **id.**

*AFFIRMED; MOTION DENIED*