United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-50578
Summary Calendar

———————————

LISA R. KAY,

                                        Plaintiff-Appellant,

versus

TROY C. BENNETT, JR., Official Capacity and Individual
Capacity; MARGARET REAVES, Official and Individual Capacity,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-92
--------------------

Before REAVLEY, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Lisa R. Kay, Texas prisoner # 707717, seeks leave to proceed
in forma pauperis (IFP) in her appeal of the dismissal of her 42
U.S.C. § 1983 complaint.  Kay's IFP motion is construed as a
challenge to the district court's certification that her appeal
is not taken in good faith.  Baugh v. Taylor, 117 F.3d 197, 202
(5th Cir. 1997).  Our inquiry into Kay's good faith is limited to
the district court's reasons for the certification; we consider
the IFP motion to determine "whether the appeal involves legal

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

points arguable on their merits (and therefore not frivolous)."
Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal
quotation marks and citation omitted); Baugh, 117 F.3d at 202.
Because Kay's complaint was dismissed as frivolous pursuant to 28
U.S.C. § 1915(e)(2)(B)(i), we review that dismissal for an abuse
of discretion. Ruiz v. United States, 160 F.3d 273, 275 (5th
Cir. 1998).

Kay argues that she stated a valid equal protection claim.
However, examination of her pleadings show that she did not
allege the requisite facts for such a claim. See Wheeler v.
Miller, 168 F.3d 241, 252 (5th Cir. 1999); Johnson v. Rodriquez,
110 F.3d 299, 306-07 (5th Cir. 1997). Moreover, Kay has not
refuted the district court's conclusion that the defendants could
not be held vicariously liable for the alleged violations,
thereby abandoning her challenge to that holding. See Yohey v.
Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, Kay
has not shown that her appeal involves "legal points arguable on
their merits." Howard, 707 F.2d at 220. Accordingly, Kay's
request for IFP status is denied, and her appeal is dismissed as
frivolous. See 5TH CIR. R. 42.2; Baugh, 117 F.3d at 202 & n.24.

The dismissal of this appeal as frivolous and the district
court's dismissal of the complaint as frivolous both count as
strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v.
Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Kay previously
accumulated one strike. See Kay v. Perret, No. 02-21303 (5th

Cir. June 24, 2003) (unpublished) (affirming the district court's dismissal of Kay's § 1983 complaint as frivolous). Kay is now barred from proceeding IFP in any civil action or appeal filed which she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. See § 1915(g).

MOTION DENIED; APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.