United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-11195
Summary Calendar
_____

ELIE JOSEPH MOURAD,

Plaintiff-Appellant,

versus

L.E. FLEMING, Federal Medical Center-Fort Worth, Individual
and Official Capacity; NFN BERKEBILE, Assistant Warden,
Federal Medical Center-Fort Worth, Individual and Official
Capacity; NFN ELMER, Captain, Federal Medical Center-Fort Worth, Individual and Official
Capacity; NFN ROBERTS, SIS-Investigator, Federal Medical Center-Forth Worth, Individual
and Official Capacity; NFN GENTRY, Lieutenant, Federal Medical Center-
Fort Worth, Individual and Official Capacity; NFN SHINGLES,
Unit Manager, Federal Medical Center-Fort Worth, Individual
and Official Capacity; JILL JACOBSON, Case Manager; DAN
MCCAULEY, Unit Manager,

Defendants-
Appellees.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-738-Y
-----------------------------------------------------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Elie Joseph Mourad, federal prisoner # 17025-083, appeals the 28 U.S.C. § 1915A(b)(1) dismissal of his Eighth Amendment failure to protect claims and the summary judgment dismissal of his First Amendment retaliation claims raised in the instant *Bivens*[**] suit. Affording both issues de novo review, we affirm. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912 (5th Cir. 1992).

Mourad failed to state an Eighth Amendment claim for compensatory damages arising from an alleged failure to protect him from both inmate sexual assault and inmate retaliation because he did not allege a physical injury. *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Assuming without deciding that Mourad might be entitled to nominal or punitive damages arising from an alleged Eighth Amendment violation despite suffering only emotional injury, he has nevertheless failed to allege facts that the defendants knew of and disregarded an excessive risk to his safety and has therefore failed to state an Eighth Amendment claim that would warrant any monetary damage award. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

With regard to the district court's qualified immunity determination, Mourad has failed to allege and show facts to support every element of his First Amendment claim that he was placed in administrative detention and transferred to a different penal institution in retaliation for exercising his right of access to the courts. *See Martinez v. Texas Dep't Criminal Justice*, 300 F.3d 567, 576-77 (5th Cir. 2002); *Jones*, 188 F.3d at 324-25. He has therefore failed to show a violation of a clearly established constitutional right necessary to overcome the qualified immunity defense. *See Martinez*, 300 F.3d at 577.

---

[**] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Finally, Mourad re-urges the First and Eighth Amendment claims that were raised for the first time in his FED. R. CIV. P. 60(b) motion, which the district court held were not properly before it and should be raised in a new federal suit.  Mourad does not assign error to that determination.  Consequently, these claims are not properly before us.  Mourad's failure to brief on appeal the remainder of the constitutional and state law issues raised in the district court renders them waived. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.