United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20527
Summary Calendar

C. JOSEPH SALAZAR, II, Individually
and on behalf of all others similarly
situated; JOHNNY MALDONADO, Individually
and on behalf of all others similarly
situated,

Plaintiffs-Appellants,

versus

DOUG DRETKE, Texas Department of Criminal
Justice – Institutional Division; KENNETH
W. LEE, Program Administrator STGMO – Texas
Department of Criminal Justice – Institutional
Division,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-152
--------------------

Before HIGGINBOTHAM, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

C. Joseph Salazar, II, Texas prisoner # 412334, and Johnny

Maldonado, Texas prisoner # 483291, appeal the district court's

dismissal of their 42 U.S.C. § 1983 action challenging their

indefinite detention in administrative segregation. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plaintiffs' claims were dismissed as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). This court reviews such a dismissal de novo. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

Salazar and Maldonado contend that under Supreme Court and circuit precedent, they sufficiently alleged nonfrivolous claims that they have been held in administrative segregation for over 15 years and that the scheduled review procedures were a "sham" in which the State Classification Committee lacked the authority to remove them from administrative segregation. A Supreme Court case decided after the district court issued its opinion may affect the analysis of a prisoner's due process claims relating to indefinite detention based on initial classification. See Wilkinson v. Austin, 125 S. Ct. 2384, 2393-95 (2005). However, it is not clear on the record before us whether Salazar and Maldonado were placed in administrative segregation based on an initial classification of gang membership or whether it resulted from prison disciplinary proceedings. See, e.g., Wilkerson v. Stalder, 329 F.3d 431, 433 (5th Cir. 2003). As the plaintiffs note, they were not given an opportunity to amend their complaint before the district court dismissed the case. In light of the Supreme Court precedent that the district court could not have considered before issuing its opinion, the judgment of the district court is VACATED, and the case is REMANDED to the district court for further proceedings.