IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 18, 2007

Charles R. Fulbruge III
Clerk

No. 06-41377
Summary Calendar

ROBERT L JOHNSON

Plaintiff-Appellant

v.

SHAMETRIA M WILLIAMS, Correctional Officer III at Telford Unit; WILLIAM J HENTON, Sergeant at Telford Unit; DANIEL CARR, Psychotherapist at Telford Unit; SIBYL MILLER, Mental Health Liaison at Telford; TERRIE T JOHNSON, Counsel Substitute

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:06-CV-38

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert L. Johnson, Texas prisoner # # 461158, appeals the district court's dismissal of his 42 U.S.C. § 1983 lawsuit. We review the district court's dismissal pursuant to 28 U.S.C. § 1915A de novo. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Johnson argues as he did below that the prison disciplinary proceeding in which he was found guilty of failing or refusing to obey an order was conducted in violation of his due process rights. The district court found that Johnson was assessed 45 days of commissary and cell restrictions and a reduction in class, and Johnson does not challenge this finding on appeal.

Such punishments do not give rise to a protected liberty interest and do not support a constitutional claim under the Due Process Clause. Sandin v. Conner, 515 U.S. 472, 486 (1995); Malchi v. Thaler, 211 F.3d 953, 958-59 (5th Cir. 2000). Although Johnson argues that his case is distinguishable because he suffers from mental and psychological impairments entitling him to greater protection, he has nevertheless failed to identify any protected liberty interest, and he does not contend that his interest in commissary privileges, cell privileges, and classification status is any different from that of prisoners free from mental and psychological impairments—interests which have been held to be insufficient to implicate due process concerns. Sandin, 515 U.S. at 486; Malchi, 211 F.3d at 958-59.

For the foregoing reasons, we dismiss Johnson's appeal as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Johnson is cautioned that the dismissal by the district court of his suit and the dismissal of his appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Johnson is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.