# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 07-30340
Conference Calendar

CARMEN GRICCO

Plaintiff-Appellant

v.

JOHN R. PADOVA; BRIAN ASTON; FREDRICK MENIFEE

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-1988

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Carmen Gricco appeals the 28 U.S.C. § 1915A dismissal as frivolous and for failure to state a claim of his Federal Tort Claims Act (FTCA) lawsuit. We review the district court's dismissal de novo. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

If his brief is liberally construed, Gricco renews his argument that his lawsuit is brought exclusively under the FTCA, as well as his claims that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal judgment is void, that he should be immediately released from prison, and that he is entitled to monetary damages. As the district court determined, Gricco's FTCA complaint fails as he did not seek to hold liable the United States, the proper defendant for such an action. See 28 U.S.C. § 1346(b); Atorie Air, Inc. v. Fed. Aviation Admin., 942 F.2d 954, 957 (5th Cir. 1991). Gricco has abandoned by failing to brief any challenge to the district court's determination that he has not sued the proper party. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, dismissal was appropriate.

The instant appeal is without arguable merit and is therefore dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Gricco is cautioned that the dismissal by the district court of his suit and the dismissal of his appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Gricco is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g). Gricco's motion for the appointment of counsel is denied.

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.