# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2021

Lyle W. Cayce
Clerk

No. 20-40234

Eric Watkins,

*Plaintiff—Appellant*,

*versus*

Lieutenant Carter, *Correctional Officer, Beaumont Correctional Complex*; Numerous Unknown Correctional Officers, *Beaumont Correctional Complex*; Bureau of Prisons,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-346

Before King, Smith, and Haynes, *Circuit Judges*.

Per Curiam:*

Eric Watkins appeals the judgment of the district court dismissing his complaint. Pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Watkins claimed that various prison

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40234

officials violated his constitutional rights by pushing him, wrestling him to the ground, and kicking him, all to force him into a shared cell with another inmate. For the reasons that follow, we AFFIRM.

## I. Facts & Procedural History

Watkins is a former inmate of the Federal Correctional Institution in Beaumont, Texas, a correctional facility that is run by the federal Bureau of Prisons ("BOP"). Watkins alleges that between October 2008 and February 2009 Lieutenant Carter and other correctional officers attempted to force him to share a cell with another inmate. During this time Watkins consistently resisted sharing a cell, claiming to be in fear for his life. According to Watkins, on February 26, 2009, Lieutenant Carter and other correctional officers ignored his repeated refusals to be housed with another inmate and began dragging and pushing him into a shared cell. According to Watkins, when he resisted, he was wrestled to the ground by multiple officers and hit in the left ribcage; then they leg-cuffed him, picked him up, and dropped him in the shared cell. This altercation resulted in Watkins's alleged long-term left ribcage pain.

The BOP released Watkins from prison on June 7, 2010, and more than a year later, on July 25, 2011, he filed the instant action *in forma pauperis* ("IFP"). He claimed that Lieutenant Carter and other officers (the "correctional officers") violated his rights under the Fifth and Eighth Amendments by using excessive force. He also claimed that the BOP was responsible for the underlying constitutional violations because its policies' silence about whether officers can use force to place inmates in cells with other inmates implicitly sanctioned the officers' use of force.

Because Watkins chose to proceed IFP, a magistrate judge reviewed the sufficiency of Watkins's complaint under 28 U.S.C. § 1915(e)(2)(B). Under that provision the court must dismiss an action in which the plaintiff

2

"fails to state a claim on which relief may be granted." *Id.* § 1915(e)(2)(B)(ii). The magistrate judge concluded that Watkins's action was time-barred and recommended that it be dismissed.

Watkins objected to the magistrate judge's recommendation, contending that none of his claims were time-barred since the relevant limitations period was tolled for the period during which he exhausted his administrative remedies.

The district court overruled the objections, adopted the magistrate judge's recommendations, and dismissed Watkins's claims under § 1915(e)(2)(B)(ii). Watkins timely appealed.

## II. Standard of Review

We review dismissal of a complaint under § 1915(e)(2)(B)(ii) *de novo*. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). We will uphold a § 1915(e)(2)(B)(ii) dismissal when a complaint does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Discussion

Although the district court dismissed Watkins's case on timeliness grounds, "[w]e may affirm the district court's dismissal on any basis supported by the record." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2506 (2020). And because the record indicates that Watkins does not have viable *Bivens* claims against the correctional officers or the BOP, they must be dismissed—even if Watkins's claims were timely. § 1915(e)(2)(B)(ii).

Watkins's claim against the correctional officers is addressed first. Because different legal grounds for dismissal apply to Watkins's claim against the BOP, it is addressed separately, and second.

No. 20-40234

## *A. Correctional Officers*

The Supreme Court has recently reiterated that expanding *Bivens* causes of action is "a 'disfavored' judicial activity." *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)). "[S]eparation-of-powers principles are . . . central to the analysis" of *Bivens*'s expansion, and the question is whether Congress or the courts should decide to authorize a damages suit. *Abbasi*, 137 S. Ct. at 1857. In light of the separation-of-powers interests, the Supreme Court has fashioned a two-part test. *Id.* at 1859-60. First, a court must ask whether "[the plaintiff's] claims fall into one of the three existing *Bivens* actions." *Oliva v. Nivar*, 973 F.3d 438, 441 (5th Cir. 2020) (alteration in original) (quoting *Cantú v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019)). Then, if the case does not fit into existing *Bivens* actions, the court asks whether there are "special factors counselling hesitation" in extending the *Bivens* remedy. *Abbasi*, 137 S. Ct. at 1857-60.

Watkins's claims against the correctional officers are best construed as excessive force claims under the Eighth Amendment. The three existing *Bivens* actions are as follows:

> (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389–90, 91 S. Ct. 1999; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, [442 U.S. 228 (1979)]; and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, [446 U.S. 14 (1980)].

*Oliva*, 973 F.3d at 442. "Virtually everything else is a 'new context,' " *Id.* (quoting *Abbasi*, 137 S. Ct. at 1865), because the case needs only to be "different in [one] meaningful way from previous *Bivens* cases" for the "context [to be] new." *Abbasi*, 137 S. Ct. at 1859.

Of the three recognized *Bivens* actions, Watkins's case is most like *Carlson* because it involves alleged violations under the Eighth Amendment. That is, however, where the similarity ends. Watkins's case contains more than one meaningful difference from *Carlson*: Watkins did not die in prison, Watkins did not have mistreated chronic asthma, and *Carlson* did not involve an inmate's unwillingness to be housed with another inmate. Thus, the instant case is a new context.

Second, there are special factors that counsel hesitation. The existence of the Federal Tort Claims Act weighs against inferring a new cause of action. *See Cantú*, 933 F.3d at 423 (citing 28 U.S.C. § 2680(h)). Additionally, the existence of the BOP's Administrative Remedy Program provides an alternative method of relief to *Bivens* actions. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001); 28 C.F.R. § 542.10 (2001); *see Abbasi*, 137 S. Ct. at 1858 ("For if Congress has created 'any alternative, existing process for protecting the [injured party's] interests' that itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.' " (alterations in original) (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007))).

Because the present case is a new context and there are special factors that counsel hesitation, Watkins does not have a viable *Bivens* claim against the correctional officers.

### B. Bureau of Prisons

Watkins argues that the BOP is liable for the officers' actions because its policies are silent about whether officers can use force specifically to place inmates in cells with other inmates. Watkins argues that this silence implicitly sanctioned the officers' use of force. We conclude that the district court did not err in dismissing Watkins's claim against the BOP, but for a reason

different from timeliness.[1] The Supreme Court has held that a damages remedy against federal agencies is "inappropriate" because it would circumvent the purpose of *Bivens*: to deter the specific officer. *F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994). Having no cause of action against the BOP, his claim against it must be dismissed.

### IV. Conclusion

For the foregoing reasons, we AFFIRM.

---

[1] We express no opinion today on whether the claims were in fact timely filed.