**Richard H. CLEMONS, Plaintiff–Appellant,**

v.

**Robert WOODS, et al., Defendants–Appellees.**

No. 01–2284.

United States Court of Appeals, Sixth Circuit.

April 1, 2002.

Before SILER and GILMAN, Circuit Judges; and HEYBURN, District Judge.*

### ORDER

Richard H. Clemons, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his 42 U.S.C. § 1983 civil rights complaint pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(a) and (c). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking equitable, declaratory, and injunctive relief, Clemons filed a complaint against the following Michigan Department of Corrections ("MDOC") officials employed at the Baraga Maximum Correctional Facility ("Baraga"), Clemons's current place of confinement: Robert Woods, assistant deputy warden; David Wiese, psychologist; C. Yon, resident unit manager; Randal Lalonde, case manager; Clyde Peterson, correctional officer; H. Bennik, correctional officer; and M. Massie, correctional officer. The complaint also named as defendants the following MDOC officials employed at the Riverside Correctional Facility ("Riverside"), Clemons's former place of confinement: L. Gidely, deputy warden; and Buchin, resident unit manager.

Relying upon the Eighth and Fourteenth Amendments, Clemons alleged that the Baraga defendants subjected him to cruel and unusual punishment by (1) refusing to protect him from an Islamic sect of prisoners, which forced him to submit to sex acts with white prisoners in order to obtain protection; (2) by placing him in a filthy observation cell following his suicide attempt and refusing to clean the cell, provide him with a mattress, or allow him to shower; (3) by contaminating his food with mucous, hair, dirt, feces, and urine; and (4) harassing and intimidating him. Relying upon the First Amendment, Clemons alleged that Lalonde and Peterson interfered with his legal mail.

Clemons alleged that the Riverside defendants violated his Eighth and Fourteenth Amendment rights by placing him in segregation for a period of sixty days. According to Clemons, the segregation unit did not have toilets or running water,

---

* The Honorable John G. Heyburn II, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

and he was only allowed to use the restroom five times in a twenty-four hour period. Clemons alleged that, on several occasions, he was forced to hold his waste until he was in considerable pain and able to convince staff to let him go to the restroom. Clemons also alleged that he was forced to use a filthy restroom on May 18, 2000, and that when he complained of the conditions, Buchin informed him that nothing would change.

The district court dismissed Clemons's complaint for failure to state a claim upon which relief may be granted. Clemons has filed a timely appeal.

We review de novo a judgment dismissing a suit for failure to state a claim upon which relief may be granted under §§ 1915(e)(2) and 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). A district court judgment dismissing a prisoner's complaint under § 1997e(c) is also reviewed de novo. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998).

Upon review, we conclude that the district court properly dismissed Clemons's action. Clemons's Eighth and Fourteenth Amendment claims against Wiese, Yon, Lalonde, and Peterson are barred by the doctrine of res judicata. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Hammer v. INS*, 195 F.3d 836, 840 (6th Cir.1999); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

■ With the exception of Clemons's First Amendment access to the courts claim against Lalonde, Clemons's remaining claims against Woods, Peterson, Bennik, Massie, Gidely, and Buchin are unexhausted. *See* 42 U.S.C. § 1997e(a); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). Although the district court's order does not expressly so state, we note that the dismissal of Clemons's claims against these defendants is without prejudice. *See Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir.1999).

■ Clemons's First Amendment claim against Lalonde for interference with his legal mail fails to state a claim for relief. Clemons failed to allege a violation of his First Amendment right of access to the courts because his allegation that Lalonde interfered with his legal mail fails to establish an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.