Winfred WHITE, Plaintiff–Appellant,

v.

Patricia L. CARUSO, Warden, et al., Defendants–Appellees.

No. 00–2257.

United States Court of Appeals, Sixth Circuit.

April 12, 2002.

76

Before MARTIN, Chief Judge; BATCHELDER, Circuit Judge; SARGUS, District Judge.*

BATCHELDER, Circuit Judge.

Plaintiff–Appellant Winfred White, proceeding pro se and in forma pauperis, appeals the order of the district court dismissing, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(c), White's 42 U.S.C. § 1983 action against various officials of the Michigan Department of Corrections, including defendant-appellee Patricia Caruso, the warden of the facility in which White is incarcerated. Because we conclude that it is apparent from the face of White's complaint that he cannot state a claim with an arguable basis in law, we will affirm the judgment of the district court.

White, who does not smoke, was incarcerated at the Chippewa Correctional Facility in Michigan. While incarcerated at Chippewa, White filed numerous complaints and grievances alleging prisoner smoking infractions,[1] claiming, for example, that he was "forced to live in an environment where other people are smoking" and leaving cigarette butts everywhere in violation of "Executive Order 1992–3." White's various complaints and grievances repeated that his exposure to second hand smoke was the result of the prison officials' failure to enforce the prison's regulations and policies with regard to smoking, and that because of their failure to enforce these policies, White was suffering various health-related problems.

On December 3, 1999, White sent a letter to Caruso, reminding her of his prior complaints and warning that if action to correct the rampant smoking was not taken, he would "be forced to contact the Federal Government and request an investigation of the matter." On December 29, Caruso responded, explaining that the prison policy was enforced but that it was

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge, Southern District of Ohio, sitting by designation.

1. In the record is the April 8, 1998, response of Tanya Cunningham, the Health Unit Manager, to one such complaint. Cunningham noted the prison no-smoking policy and the inability of the few correctional officers to stop all the violations of the policy without adequate prisoner reporting. Cunningham told White to address the issue at the next "Warden's Forum."

In the record is also a January 29, 1999, weekly sanitation report purportedly providing evidence of known violations of the no-smoking policy. The report is replete with notations of cigarette butts, ashes and matches on the floors, in the fire extinguisher, and elsewhere, and discusses a number of cigarette marks on the walls and on the floors where the inmates extinguish their cigarettes.

difficult to achieve full compliance because of the few correctional officers and the numerous inmates. The warden reminded White that prisoner reporting would help alleviate the problem, and assured him that correctional officers disciplined any infractions they witnessed.

From at least April of 1998, the prison had in place a policy prohibiting any usage of tobacco in the prison's buildings and providing for disciplinary action in the event of violations of the policy. On February 9, 1999, prison officials issued a "REMINDER," reiterating the no-smoking policy inside the buildings and establishing a schedule of specific punishments for infractions. The reminder closed with a stern warning that continued violations "will be met with severe disciplinary sanctions."

On April 3, 2000, White filed this action pursuant to 42 U.S.C. § 1983 against the Michigan Department of Corrections, Caruso, and other prison officials. Claiming that he had "been exposed to an unreasonable risk to his health" that would continue in the future, and that the prison officials were deliberately indifferent to his exposure to unreasonable levels of smoke, White alleged that his exposure to second hand smoke violated his Eighth Amendment right to be free from cruel and unusual punishment and had caused him both physical and emotional suffering. White sought millions of dollars in damages and a "lifetime job with the [Department of Corrections] upon his release from custody."

Prior to the complaint's being served on the defendants, the district court referred the case to a magistrate judge, who recommended that the district court dismiss White's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The magistrate found that

White failed to allege any specific facts that would allow a court to find that White had been subjected to an unreasonable exposure to smoke or that he had suffered any adverse health problems as a result of smoke inhalation. The magistrate also concluded, based on the warden's responses to White's previous complaints and grievances—attached to and incorporated in White's complaint—that the warden and prison officials had not been deliberately indifferent to White's health needs, but were attempting to correct the smoking problem. The magistrate recommended that the district court dismiss White's claims for damages from emotional injury because, pursuant to 42 U.S.C. § 1997e(e), they were barred by White's failure to allege any physical injury. The district court adopted the magistrate's report in its entirety and dismissed the complaint. Consequently, neither the warden nor any of the other defendants has been served with the complaint. White filed a timely appeal.

We review de novo both the district court's dismissal of White's complaint as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997), and the district court's dismissal of White's complaint under 42 U.S.C. § 1997e(c). *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

Citing a book called *An Ex–Smoker's Survival Guide* and the studies it contains, White argues that smoking causes numerous ailments and deaths each year in the United States. White claims that the defendants "wilfully [2] and wrongfully confined him to an environment with habitual smokers, and failed to take steps to correct the condition that exposed him" to an envi-

---

2. Later in his brief White claims that the officials were "negligent" in their actions to-

ward him thus causing a violation of his rights.

ronmental hazard in violation of the Eighth Amendment. Additionally, White claims that 28 U.S.C. §§ 1915(e)(2) and 1915A are unconstitutional; §§ 1915(e)(2) and 1915A were impermissibly retroactively applied to him; and the district court should have allowed him to amend his complaint.

Among other changes effected by the Prison Litigation Reform Act of 1995, are the requirements that a district court dismiss a complaint filed by a prisoner in forma pauperis "at any time," if the court determines that it is frivolous or fails to state a claim, 28 U.S.C. § 1915(e)(2)(b), and the requirement that all prisoner actions directed against a governmental entity or officer be screened at the earliest practicable time, to determine if the actions are frivolous or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The Sixth Circuit requires district courts to screen prisoner complaints, first under § 1915A and then under § 1915(e)(2). *McGore*, 114 F.3d at 608. In each instance the court must determine whether the cause of action is "frivolous" or "fails to state a claim." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The district court may dismiss a complaint for failure to state a claim on which relief may be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000).

■ An Eighth Amendment claim contains both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298–302, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). To state a viable Eighth Amendment claim the plaintiff must allege facts sufficient to satisfy both of those components. Where the claim is that the officials have failed to prevent harm—the kind of claim White is making here—the prisoner must allege an objective harm, *i.e.*, that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In the context of a claim that second hand smoke poses a substantial risk the prisoner must allege that he was "exposed to unreasonably high levels of [environmental tobacco smoke]." *Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). The prisoner must also allege facts demonstrating the subjective component of his Eighth Amendment claim. Here, White must allege facts showing that the defendants were deliberately indifferent to an excessive risk of harm, of which they were aware. *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970.

■ We are satisfied that the district court properly dismissed White's complaint pursuant to the provisions of §§ 1915(e)(2)(B) and 1915A. Even if White might be able to plead facts sufficient to satisfy the objective component, which this complaint wholly fails to do, the complaint itself demonstrates that White cannot plead facts that will satisfy the subjective component of an Eighth Amendment claim. The history of complaints and grievances attached to White's complaint and specifically referred to by the complaint demonstrates that the prison officials have housed him in a smoke-free facility, and that the officials have instituted a no-smoking policy that they are in fact attempting to enforce with appropriate disciplinary sanctions imposed upon prisoners who violate that policy. *See Helling*, 509 U.S. at 36, 113 S.Ct. 2475 (noting that the adoption of a no-smoking policy will have heavy bearing on the in-

quiry into deliberate indifference). White therefore cannot prove facts that would support his claim that the prison officials have demonstrated deliberate indifference to a serious risk to his health. Because he cannot state an Eighth Amendment claim at all, we need not reach the issue of whether the district court properly dismissed his claim for emotional damages because of the Eighth Amendment violation.

White's claims of unconstitutionality and retroactivity also fail. There can be no retroactive application of §§ 1915(e)(2) and 1915A because the conduct of which White complains occurred and his complaint was filed after the effective date of those sections. The crux of White's claim of unconstitutionality seems to be that the screening provisions in §§ 1915(e)(2) and 1915A denied him access to the courts. But it is clear that White was not denied such access; he has been denied nothing but the opportunity to pursue a frivolous claim in the courts, to which he has no constitutional right. *Lewis v. Casey,* 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (noting that there is a dramatic difference between an arguable claim and a frivolous claim, that the latter is really no claim at all, and to exclude such claims does not deprive a litigant of anything).

Finally, for the reasons we have already explained, the district court did not err in failing to permit White to amend his claim because it is clear from his complaint that he cannot prove any set of facts in support of his Eighth Amendment claim that would entitle him to relief.

Accordingly, we AFFIRM the judgment of the district court.