**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-50647
Summary Calender

_____

ANTHONY D. JONES,                                                Plaintiff - Appellant,

versus

STARTRAN/ATU LOCAL 1091; KENT MCCULLOUGH;
GERALD ROBOSHAW; CHERRY WALKER; GLEN
WHENNINGTON; INTERNATIONAL UNION OFFICE,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
A-01-CV-336-JN

_____

May 13, 2002

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Anthony D. Jones ("Jones") appeals the district court's dismissal of his Title VII claim against

Startran, ATU Local 1091 ("ATU"), Kent McCullough, Gerald Roboshaw, Cherry Walker, Glen

Whennington, and the International Union Office (collectively the "Appellees"). For the reasons

stated below, we affirm.

FACTUAL AND PROCEDURAL HISTORY

---

[*]Pursuant to CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstance set forth in 5th CIR. R. 47.5.4.

Jones, who is African-American, claims that he was racially discriminated against by his employer, Startran, in violation of Title VII. As a result of this alleged discrimination, Jones contends that he was forced to resign. His claim arises from the administration of drug tests on Jones by Startran. When drug tests are given by Startarn, a Custody and Control form is filled out by the employee. The form contains basic identifying information about the employee to be tested, the reason for the test, where the results are to be sent, and requires the employee to sign a statement certifying that the employee has not adulterated the sample in any way and that it was properly sealed and labeled in the employee's presence. Jones asserts that he provided Startran with blood samples for drug screenings, and that someone else's "bad blood" was switched with his sample, which resulted in him testing positive for drugs. Jones also contended that the Appellees forged the information written on one of Jones's Custody and Control forms.

Shortly after his resignation, Jones filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter on May 18, 2001. Jones filed a complaint against the appellees alleging Title VII violations, a Motion to Proceed In forma Pauperis, and a Motion for Appointment of Counsel. The case was referred to a magistrate judge. On June 19, 2001, the judge issued a Report and Recommendation granting the Motion to Proceed In forma Pauperis, dismissing the suit as frivolous and failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e), and denying the Motion for Appointment of Counsel as moot. The district court adopted the magistrate judge's recommendation, and this appeal followed.

STANDARD OF REVIEW

A district court's ruling to dismiss a claim as frivolous under § 1915(e)(2)(B)(i) is reviewed

2

under an abuse of discretion. <u>Ruiz v. United States,</u> 160 F.3d 273, 275 (5th Cir. 1998) (citing <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir.1997)). However, a dismissal pursuant to "§ 1915(e)(2)(B)(ii) for failure to state a claim is reviewed under the same *de novo* standard as dismissals under . . . [Rule]12(b)(6) [of the Federal Rules of Civil Procedure]. <u>Id.</u> (citing <u>Black v. Warren</u>, 134 F.3d 732, 733-34 (5th Cir. 1998).

## DISCUSSION

The district court must evaluate the merits of a plaintiff's claim when determining whether his request for appointment of counsel should be granted. <u>Gonzalez v. Carlin</u>, 907 F.2d 573, 580 (5th Cir. 1990). If the court at any time believes that the action is frivolous or fails to state a claim, it must dismiss the case. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Jones's Title VII complaint stems from Startran's administration of three drug tests. As for the first test, Jones contends that his blood was switched with someone else's "bad blood," causing the results of the test to be positive. Jones has not presented any evidence supporting his contention. With regard to the second test, Jones argues that the information written on the Custody and Control form was forged by the Appellees, specifically his name, a phoney social security number, a fake date of birth. [1] Lastly, Jones states that on October 25, 2000, he underwent an annual physical drug test. The next morning, when he arrived at work, Jones alleges that a "young lady" who worked in dispatch asked him to sign something, which he describes as "told me to come sign my life away." At this time, Jones refused and asked to be placed on sick leave. The woman wrote him up for refusing to take a drug test. Jones's claim

---

[1] The magistrate judge found that the evidence presented by Jones established that someone may have forged his name, that the social security number on the document was fake, and that the date of birth stated on the document was also phoney. However, it properly determined that this fact alone cannot form the basis of a Title VII claim.

3

against ATU arises from its alleged failure to represent him apparently in the EEOC charge filed by Jones.

When a plaintiff claims that he was terminated because of his race, to establish a prima facie case under Title VII, he must demonstrate, that he (1) is a member of a protected class, (2) was qualified for the position, (3) was terminated, and (4) was replaced by someone outside of the protected class. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). Although Jones has submitted evidence that he is a member of a protected class, African-American, he has not presented any evidence supporting the other three elements of his Title VII claim. Further, Jones has sued entities and individuals other than Startran under Title VII. It is well-settled that Title VII only protects an employee from discrimination by an "employer." Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 & n.4 (5th Cir. 1999). Based on the facts of this case and the evidence presented by Jones, we find that he has not alleged a viable Title VII cause of action. Therefore, we affirm the district court's ruling to dismiss this case as frivolous and failing to state a claim for review pursuant to 28 U.S.C. § 1915. Because Jones's case was appropriately dismissed, the denial of his Motion for Appointment of Counsel in also affirmed as moot.

CONCLUSION

For the reason stated herein, we affirm.


AFFIRM.