**Christopher LEE–BEY, Plaintiff–Appellant,**

v.

**David GUNDY, Warden, ECF, in his personal capacity, et al., Defendants–Appellees.**

No. 03–1478.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2003.

Christopher Lee–Bey, pro se, Baraga, MI, for Plaintiff–Appellant.

Before: MOORE and ROGERS, Circuit Judges; and FORESTER, District Judge.[*]

[*] The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

*ORDER*

Christopher Lee–Bey, a pro se Michigan prisoner, appeals a district court judgment dismissing his prisoner civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief and the expungement of a misconduct ticket, Lee–Bey filed suit against several Michigan prison officials (Gundy, Towers, Kilbourn, Pelton, Seppanen, and Stapleton) in their individual and official capacities. Lee–Bey essentially asserted that: 1) he was deprived of his right to due process during misconduct proceedings because prison officials used an incorrect prisoner identification number for him; and 2) his Eighth Amendment rights were violated by the loss of good-time credits and the imposition of punitive and administrative segregation after he was found guilty of major misconduct. The district court sua sponte dismissed the complaint pursuant to 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e(c), for failure to state a claim.

In his timely appeal, Lee–Bey reasserts his due process claim.

As an initial matter, we decline to consider Lee–Bey's Eighth Amendment claim because he does not reassert it on appeal. Issues raised in the district court, but not on appeal are considered abandoned and are not reviewable. *Kocsis v. Multi–Care Mgmt.*, 97 F.3d 876, 881 (6th Cir.1996); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

Upon de novo review, we conclude that Lee–Bey failed to state a claim for the

denial of due process. *See* 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e(c); *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir.1995).

Lee–Bey's claim is not cognizable because he challenges the procedure used to deny him good-time credits. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court ruled that a prisoner cannot bring a civil rights action directly challenging his confinement, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486–87. In *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge procedures which necessarily imply unlawful confinement. *Id.* at 646. Specifically, the Court held that *Heck* barred due process claims that would "necessarily imply" the invalidity of the loss of good-time credits, until the prison disciplinary conviction was reversed. *Id.* Thus, Lee–Bey cannot challenge a misconduct proceeding resulting in a loss of good-time credits in a § 1983 action because his major misconduct conviction has not been reversed. *See id.*

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.