United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-10032
Summary Calendar

———————————————

LEVI JONES,

Plaintiff-Appellant,

versus

MATTHEW H. ERWIN, Correctional Officer 4; TONY L. ESTEP,
Correctional Officer 4; VERONICA RIVAS, Correctional Officer 3;
JAMES H. WHEELER, Correctional Officer 3; JOE E. HEREDIA, JR.,
Correctional Officer 5; OSCAR R. DAVIS, Correctional Officer 3,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CV-221
--------------------

Before JONES, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Levi Jones, Texas prisoner # 835295, appeals the
28 U.S.C. §§ 1915A and 1915(e)(2)(b) dismissal for failure to state
a claim of his 42 U.S.C. § 1983 civil rights complaint against
various prison officials, asserting that they subjected him to
excessive force and failed to intervene in the assault, in
violation of his Eighth Amendment rights. The district court's
dismissal is reviewed <u>de novo</u>. <u>Harris v. Hegmann</u>, 198 F.3d 153,

———————————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

156 (5th Cir. 1999); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

Jones argues that he should have been allowed to proceed on his excessive-force claim, contending that because the guards used force to punish him, his injuries give rise to a constitutional violation even though they were not otherwise significant. Although the facts of the instant case have not been fully developed, on the face of his complaint Jones alleges no more than bruising requiring no medical treatment as a result of the application of the force. Because he has alleged no morethan de minimis injury, his claim fails. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

The district court's judgment is **AFFIRMED**. The district court's dismissal of his complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Consequently, Jones is **CAUTIONED** that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

**AFFIRMED; THREE-STRIKES WARNING ISSUED.**