United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 10, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————————

**04-60627
Summary Calendar**

————————————

**DESMOND EARL PHILLIPS,**

**Plaintiff-Appellant,**

**versus**

**CAROLYN WALKER, Lieutenant, Unit Administration, in her
official and individual capacities; DONALD A. CABANA,
Superintendent, in his official and individual capacities;
CHRISTOPHER B. EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF
CORRECTIONS, in his official and individual capacities;
QUEEN CHILDS, Property Officer, in her official and individual
capacities; LEONARD C. VINCENT, Senior Counsel, in his
official and individual capacities; JAMES NORRIS, Senior
Counsel, in his official and individual capacities,**

**Defendants-Appellees.**

————————————————————————————————————————————

**Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-143-M-B**

————————————————————————————————————————————

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

Desmond Earl Phillips, Mississippi prisoner #35002, moves for
leave to proceed in forma pauperis (IFP) in this appeal from a 42
U.S.C. § 1983 action challenging the confiscation and destruction
of a box of legal papers that had been held in the Parchman legal

————————————————

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

files storage area.  The papers were destroyed pursuant to a prison policy limiting the amount of legal materials an inmate could keep in prison storage.  The district court denied Phillips's motion for leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

Phillips challenges the district court's determination that his appeal was not taken in good faith.  *See* **Baugh v. Taylor**, 117 F.3d 197, 202 (5th Cir. 1997).  To establish good faith, Phillips must show that his appeal involves legal points which are arguable on their merits and not frivolous.  *See* **Howard v. King**, 707 F.2d 215, 220 (5th Cir. 1983).  Phillips contends that the district court erred by failing to state reasons for its certification decision and asserts that he was denied his right of access to the courts because the destruction of his legal materials prevented him from meeting the deadline to file a petition for a writ of certiorari with the United States Supreme Court.  Because Phillips has not shown that he would have raised a nonfrivolous issue if he had been able to file a timely petition for writ of certiorari, he has not established actual injury.  *See* **Lewis v. Casey**, 518 U.S. 343, 351-52, 355 (1996); **Ruiz v. United States**, 160 F.3d 273, 275 (5th Cir. 1998).

Accordingly, we uphold the district court's certification that the appeal presents no nonfrivolous issues.  Phillip's motion for

2

leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous.  *See **Baugh***, 117 F.3d at 202 n.24.

The district court's dismissal of Phillip's complaint as frivolous and this dismissal both count as strikes under 28 U.S.C. § 1915(g).  *See **Adepegba v. Hammons***, 103 F.3d 383, 387-88 (5th Cir. 1996).  Phillips is warned that if he accumulates a third strike, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

*IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED*