United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30353
Conference Calendar

_____

TERENCE SIAS,

                              Plaintiff-Appellant,

versus

STATE OF LOUISIANA; PERKINS, Captain;
C. PAUL PHELPS CORRECTIONAL CENTER,
Anger Management Counsel & Correctional Staff,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CV-355
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Terence Sias, Louisiana prisoner # 127791, appeals from the

district court's dismissal as frivolous and for failure to state

a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) of his

pro se, in forma pauperis (IFP) complaint.  Sias's complaint

alleged that he was denied the constitutional right of access to

the courts in violation of 42 U.S.C. § 1983.

-------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sias does not provide a clear assertion that indicates the manner in which the defendants allegedly denied his right of access to the courts. He also does not present a coherent argument showing that he has been prejudiced in his ability to prepare and transmit a necessary legal document to a court. He therefore has failed to establish that he has suffered a constitutional deprivation. See Lewis v. Casey, 518 U.S. 343, 351-54 (1996); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). Sias's allegations are vague and conclusory and are therefore insufficient to establish a 42 U.S.C. § 1983 claim. See Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989).

Sias also seeks an injunction and raises claims relating to disciplinary reports, retaliation, and the deprivation of good time credits. This court will not consider these claims because they were not presented to the district court. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). To the extent that Sias seeks injunctive relief regarding his claim of denial of access to the courts, he fails to establish that such relief is warranted. See FED. R. APP. P. 8.

Sias's appeal is without arguable merit and is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of Sias's complaint as frivolous and for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g), as does the dismissal of this appeal. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir.

1996).  This court cautions Sias that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; ALL OUTSTANDING MOTIONS DENIED; SANCTION WARNING ISSUED.