United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51042
Conference Calendar

_____

JAMES STEPHEN JONES,

Plaintiff-Appellant,

versus

WILLIAM JOHNSTON,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CV-142
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

James Stephen Jones, federal prisoner # 56081-080, requests

permission to appeal in forma pauperis (IFP) the district court's

dismissal of his civil rights suit as frivolous under 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A because it was time-barred. Jones is

effectively challenging the district court's certification that

he should not be granted IFP status because his appeal is not

taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th

Cir. 1997); 28 U.S.C. § 1915(a)(3).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jones argues that the district judge should have recused himself because of his friendship with the defendant, because the judge is a material witness in this <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), action, and because the judge recused himself in another case brought by Jones. Jones further argues that he is entitled to relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) because of the appearance of partiality and that his right to a fair trial is being violated because he is afraid to challenge the judge. Jones's arguments regarding recusal of the judge and for Rule 60(b) relief are not directed to the district court's reasons for denying him IFP status and are improper in a motion to proceed IFP. <u>See</u> <u>Baugh</u>, 117 F.3d at 202.

Jones also argues that the defendant's conduct of placing or causing to be placed information that Jones "snitched" in other inmates' presentence reports continuously places Jones in danger, thereby tolling the statute of limitations. The district court properly dismissed Jones's complaint as time-barred under either 28 U.S.C. § 1915(e)(2)(b) or § 1915A. <u>See</u> <u>Ruiz v. United States</u>, 160 F.3d 273, 275 (5th Cir. 1998); <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997). Although Texas recognizes a continuing tort as an exception to the statute of limitations, <u>see</u> <u>Mitchell Energy Corp. v. Bartlett</u>, 958 S.W.2d 430, 443 (Tex. App. 1997), Jones has not alleged a continuing tort but only a continuing injury. <u>See</u> <u>Rogers v. Ardella Veigel Inter Vivos Trust No. 2</u>,

162 S.W.3d 281, 290 (Tex. App. 2005). Jones's appeal is lacking in arguable merit. Consequently, Jones's request for IFP status is denied, and his appeal is dismissed as frivolous pursuant to 5TH CIR. R. 42.2. See id.; Baugh, 117 F.3d at 202.

The district court's dismissal of Jones's complaint as frivolous and the dismissal of his appeal as frivolous both count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Additionally, Jones has at least one other strike. See Jones v. Smith, No. 99-51184 (5th Cir. June 13, 2000) (unpublished). Therefore, Jones is barred from proceeding IFP in any civil action or appeal brought while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); see Adepegba, 103 F.3d at 385.

IFP DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.