United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40904
Summary Calendar

_____

JERRY DON CLARK,

                                        Plaintiff-Appellant,

versus

DOCTOR GLENDA ADAMS,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:05-CV-208
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Jerry Don Clark, Texas prisoner # 575402, appeals the
dismissal of his 42 U.S.C. § 1983 complaint, alleging deliberate
indifference to his serious medical needs.  The district court
dismissed the complaint as frivolous pursuant to 28 U.S.C.
§ 1915A.  We review the dismissal de novo.  Ruiz v. United
States, 160 F.3d 273, 275 (5th Cir. 1998).

    A prison official acts with deliberate indifference "only if
he knows that inmates face a substantial risk of serious harm and
disregards that risk by failing to take reasonable measures to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). A showing of deliberate indifference requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)(citation omitted). "[T]he decision whether to provide additional treatment is a classic example of a matter for medical judgment." Id. (internal quotation omitted). "Deliberate indifference is an extremely high standard to meet." Id.

The gist of Clark's argument is that the treatment that he is currently receiving for his condition, bilateral hernias, is wholly ineffective and that Dr. Adams should have referred him for corrective surgery and only chose not to for economic reasons. Clark fails to show that Dr. Adams was aware of facts demonstrating a substantial risk of serious harm and disregarded the risk by failing to take reasonable measures to treat Clark. See Farmer, 511 U.S. at 847. The medical records show that Clark was seen by medical personnel and was given medication and a truss. Clark's allegations are best described as a disagreement with the medical treatment he has received or, at most, allegations that Dr. Adams was negligent in failing to refer him for surgery. Such disagreement or negligence does not establish a constitutional violation. See Varnado v. Lynaugh, 920 F.2d

320, 321 (5th Cir. 1991). Thus, the judgment of the district court is affirmed.

The district court's dismissal of the present case and this court's affirmance of the dismissal count as one strike against Clark for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Clark is warned that, should he accumulate three strikes, he will be barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.