# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 26, 2010

No. 07-60375
Summary Calendar

Lyle W. Cayce
Clerk

WILLIAM T BUSICK

Plaintiff-Appellant

v.

JOHN NEAL; E AVERY ROLLINS; BRENDA PERRY; MRS CHARLES ESCO; CHUCK MCNEAL; TOBY TROWBRIDGE; ARTHUR THOMPSON; MRS FRED ESCO; CLINT KINER; JANIKA MEOSHA CHEERS; JOHN A EMFREY; MEL COXWELL

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-483

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

William T. Busick, Mississippi prisoner # 84027, brought this civil action pursuant to 42 U.S.C. § 1983, as well as other federal and state law, against: (1) the City of Madison, Mississippi, and six members of the Madison Police Department, Chief of Police Gene Waldrup, Lieutenant Eric C. Palmer, Lieutenant Catherine Reese, Investigator Mike Brown, Officer Stephen Patrick,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and Officer Paul Bunch (the Madison City Defendants); (2) Special Agent David Scott Dufour and Special Agent E. Avery Rollins of the Federal Bureau of Investigation; (3) Lieutenant David W. Ruth and Detective Jeff N. Robertson of the Brandon, Mississippi, Police Department (the Brandon Defendants); (4) Detective John Neal of the Ridgeland, Mississippi, Police Department; (5) Madison County, Mississippi, Sheriff Toby Trowbridge, Jr., and seven members of the Madison County Sheriff's Department, Madison County Detention Center Administrator Jed Womack, Madison County Detention Center Warden Arthur Thompson, Deputy Sheriff Jim Frazier, Lieutenant Clint Kiner, Lieutenant Brenda Perry, Mail Handler Mrs. Charles Esco, and Booking Officer Janika Meosha Cheers (the Madison County Defendants); and (6) ADA Emfrey and ADA Coxwell.  Busick appeals the district court's dismissal of some of his claims and the magistrate judge's dismissal and grant of summary judgment on the remainder of his claims.

Busick argues that the magistrate judge erred by dismissing his claims against Detective Neal.  He maintains that he stated a viable claim against Detective Neal for malicious prosecution based upon Detective Neal's charging him with credit card fraud and falsely testifying at a preliminary hearing after Detective Neal promised that he would not be charged with credit card fraud if he gave Detective Neal information about another suspect.  He contends that the malicious prosecution claim is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because the credit card fraud charge was nolle prossed.  He maintains that he was harmed by Detective Neal's actions because the additional charge against him caused him to be held on excessive bail.  He asserts that the credit card fraud charge against him somehow caused him to be subjected to excessive force while in the custody of the Mississippi Department of Corrections following his conviction on a separate burglary charge.  He further argues that his allegations against Detective Neal set forth a viable claim under Mississippi law. For the first time on appeal, Busick contends that his allegations against

Detective Neal stated a viable retaliation claim because Detective Neal brought the credit card fraud charge against him only because of his civil litigation against other law enforcement officers.

Busick acknowledges that the credit card fraud charge against him was nolle prossed; accordingly, the statement he made to Detective Neal was not used against him at trial, and Busick thus cannot raise a Fifth Amendment claim against Detective Neal for making an unkept promise of leniency. *See Murray v. Earle*, 405 F.3d 278, 285 n.11 (5th Cir. 2005). Furthermore, Busick's allegations against Detective Neal do not shock the conscience and cannot support a Fourteenth Amendment claim; accepting Busick's allegations and averments as true, Detective Neal's broken promise resulted only in there being a credit card fraud charge pending against Busick for a time while he was being held on other charges and then being dismissed. *See Stokes v. Gann*, 498 F.3d 483, 485 (5th Cir. 2007). To the extent that Busick sought to raise a general malicious prosecution claim independent from a claim based upon a specific constitutional amendment, no such federal law claim exists. *See Castellano v. Fragozo*, 352 F.3d 939, 949-61 (5th Cir. 2003) (en banc).

While Busick notes that bail was set on the credit card fraud charge, Busick's allegations show that he was also being held on a burglary charge and later a burglary conviction during the entire time that the credit card fraud charge was pending. As the credit card fraud charge was dismissed and Busick was not ever detained on that charge, Busick did not allege that he was damaged by Detective Neal's actions, and, therefore, his Mississippi law claim of malicious prosecution failed to state a claim upon which relief may be granted. *See Tebo v. Tebo*, 550 F.3d 492, 498-99 (5th Cir. 2008).

While Busick argues in this court that Detective Neal initiated the prosecution of the credit card fraud charge against him in retaliation for his civil litigation against other law enforcement officers, he did not raise this retaliation claim in district court. As this claim was not raised in the district court, it

cannot be considered on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Busick argues that the magistrate judge erred by granting summary judgment on his claims that the Madison County Defendants violated his constitutional rights by denying him access to the courts. He maintains that his access to the courts was denied because he was allowed to use the legal library at the Madison County Detention Center only once for 30 minutes during the 11 months he was incarcerated at that facility. He contends that his lack of access to the law library prejudiced him in three civil suits in the district court: the present case; *Busick v. City of Magee*, No. 3:00-CV-327; and *Busick v. Lamar County*, No. 2:02-CV-90. He asserts that he would have maintained claims against certain defendants in *City of Magee* if he had access to the law library, that his lack of access to the law library regarding the *Lamar County* case somehow caused the Mississippi Department of Corrections to subsequently change his time sheets to show that he is serving a 25-year sentence as a habitual offender, and that his lack of access to the law library prevented him from prevailing on his claims against Special Agent Dufour, Special Agent Rollins, the City of Madison Defendants, the City of Brandon Defendants, and Deputy Sheriff Frazier in the present case. For the first time on appeal, Busick argues that the Madison County Defendants denied him access to the courts by denying him proper medication, which prejudiced his self-representation at his criminal burglary trial. He contends that the actions of the Madison County Defendants violated both the federal and state constitutions.

Busick alleged that he was incarcerated in the Madison County Detention Center from January 18, 2002, until October 2 as a pretrial detainee and remained at the Madison County Detention Center after his conviction until December 15, 2002. Busick voluntarily dismissed the *City of Magee* case on April 25, 2001. While incarcerated at the Madison County Detention Center, Busick filed a motion to vacate the order granting the voluntary dismissal. The

4

district court granted the motion, but it involuntarily dismissed Busick's complaint in that case on April 24, 2002. Busick states that he would have proceeded further in that case if he had access to the law library, but he does not explain how he would have proceeded, what claims he would have raised, or how those claims were meritorious. As Busick has not demonstrated that he was prevented from raising a nonfrivolous legal claim in *City of Magee*, he has not shown the existence of a viable denial of access to the courts claim in conjunction with that case. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Busick filed his complaint in the *Lamar County* case on April 8, 2002, while he was incarcerated at the Madison County Detention Center. Busick subsequently filed so many amended complaints, attachments, and motions in that case that on August 27, 2002, the magistrate judge ordered that he not file any further pleadings with the court until further order. That case proceeded until it was dismissed on Busick's oral motion on April 14, 2003, well after Busick was no longer incarcerated at the Madison County Detention Center. As this case was not dismissed until well after Busick was no longer incarcerated at the Madison County Detention Center, Busick has not shown that the actions of the Madison County Defendants prevented him from raising a nonfrivolous claim in this case. As Busick has not demonstrated that the Madison County Defendants' actions prevented him from raising a nonfrivolous legal claim in *Lamar County*, he has not shown the existence of a viable denial of access to the courts claim in conjunction with that case. *See Lewis*, 518 U.S. at 351.

Busick's assertion that the actions of the Madison County Defendants prejudiced his ability to prosecute the present civil action is also without merit. Busick's third amended complaint, the complaint that was considered in the district court, was filed on January 21, 2005, years after Busick left the Madison County Detention Center. While Busick alleges that his lack of access to the law library at the Madison County Detention Center inhibited his ability to successfully pursue his claims against Special Agent Dufour, Special Agent

Rollins, the City of Madison Defendants, the City of Brandon Defendants, and Deputy Sheriff Frazier, those claims were not dismissed until September 22, 2005, almost three years after Busick was last incarcerated at the Madison County Detention Center. As Busick has not demonstrated that the Madison County Defendants' actions prevented him from raising a nonfrivolous legal claim in the present case, he has not shown the existence of a viable denial of access to the courts claim in conjunction with this case. *See Lewis*, 518 U.S. at 351.

While Busick argues in this court that the Madison County Defendants denied him access to the courts by denying him his proper medication, Busick did not raise this claim in the district court. As this claim was not raised in the district court, it cannot be considered on appeal. *See Leverette*, 183 F.3d at 342. To the extent that Busick argues that the district court erred by granting summary judgment on his related state law claims, he has neither cited to any state law authority nor provided any argument regarding state law. As Busick has not sufficiently briefed his state law claims, they are deemed waived. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Busick argues that the magistrate judge erred by granting summary judgment on his claims that the Madison County Defendants were deliberately indifferent to a serious risk of harm to him by failing to protect him from other inmates. Busick alleges that Lt. Perry stood outside his four-man cell while an inmate named Van Buren made a mixture of human feces and shaving cream and threw it on him through the closed door of his individual cell, causing acid burns. He states that Lt. Perry did not tell Van Buren to stop and asked Van Buren to leave the four-man cell only after the attack. Busick maintains that these facts show that Lt. Perry was deliberately indifferent to his safety.

Busick argues that Lt. Kiner was deliberately indifferent to the risk that inmate Paul Smith, who assaulted Busick, posed to his safety while at the Madison County Detention Center. He states that Smith was removed from his

four-man cell, but returned to that cell prior to the assault. He maintains that he told Lt. Kiner prior to the assault that Smith was a threat to him because he would not tell Smith about his legal activities. Busick states that after Smith's assault on him, Smith was placed back in his four-man cell again, despite the fact that the cell was a medical cell and Smith had no medical needs. He contends that Smith was repeatedly placed in his cell to gather information about his legal activities.

While Busick averred that Lt. Perry had notice that Van Buren had made an unspecified verbal threat against him, he did not present any evidence that Lt. Perry had knowledge that he faced a substantial risk of physical harm from Van Buren. *See Little v. Spears*, No. 94-60828, 1995 WL 313938 at *2 (5th Cir. May 2, 1995) (unpublished); *see also* 5TH CIR. R. 47.5.3. Additionally, Busick arguably contradicted his written averments at a hearing when he testified that he did not have any problems with Van Buren before the assault and admitted that the assault may have been spontaneous. While Busick argues in this court that Lt. Perry witnessed the assault but did not intervene, he did not raise this claim in the district court. As this claim was not raised in the district court, it cannot be considered on appeal. *See Leverette*, 183 F.3d at 342. As Busick did not present evidence showing that any of the Madison County Defendants had knowledge of facts showing a substantial risk of serious harm to him presented by Van Buren and made the inference that a substantial risk existed, he has not shown that the magistrate judge erred by granting summary judgment on this claim. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Although Busick averred that Lt. Kiner had knowledge of a verbal altercation between Busick and Smith the day before the assault, he did not present any evidence that Lt. Kiner had knowledge that Smith presented a substantial risk of physical harm to Busick before the assault. *See Little*, 1995 WL 313938 at *2. Busick's averments that Smith was placed in his four-man cell to spy on his legal activities were insufficient to defeat the motion for

summary judgment because "mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient . . . to defeat a motion for summary judgment." *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). While the evidence arguably showed that there was a genuine issue of fact as to whether Lt. Kiner was deliberately indifferent to a risk substantial harm to Busick when he moved Smith back into the four-man cell after the assault, Busick did not allege that Smith physically assaulted him again. As Busick was not physically harmed by Smith after Smith was returned to the cell, he cannot maintain a claim for the return of Smith to the cell. *See* 42 U.S.C. § 1997e(e). As Busick did not present evidence showing that any of the Madison County Defendants had knowledge of facts showing a substantial risk of serious harm to him presented by Smith and made the inference that a substantial risk existed, he has not shown that the magistrate judge erred by granting summary judgment on this claim. *See Farmer*, 511 U.S. at 837.

To the extent that Busick argues that the district court erred by granting summary judgment on his related state law claims, he has neither cited to any state law authority nor provided any argument regarding state law. As Busick has not sufficiently briefed his state law claims, they are deemed waived. *See Yohey*, 985 F.2d at 224-25.

Busick argues that the district court erred by granting summary judgment on his claims that the Madison County Defendants interfered with his legal mail. He maintains that the Madison County Defendants interfered with his legal mail by refusing to provide postage for all of the legal mail that he wished to send and by reading legal mail sent by, and addressed to, him. He contends that he was prejudiced when the Madison County Defendants read the complaint he filed in the *Lamar County* case because they told the defendants in the *Lamar County* case about the complaint. He asserts that he was prejudiced when the Madison County Defendants opened and read the notice from the prosecutor that he was being charged as a habitual offender in his

8

criminal cases because the Madison County Defendants were checking to see if they had succeeded in getting him charged as a habitual offender in retaliation for his filing civil litigation. In addition to his allegations of prejudice, Busick argues that he should not have been required to show prejudice because he was completely deprived of all access to legal materials.

Contrary to his assertions, Busick has not presented evidence showing that he was prejudiced by the Madison County Defendants' alleged interference with his legal mail. As Busick has not made any showing that he was prevented from raising any nonfrivolous legal argument due to interference with his legal mail, Busick cannot show that the Madison County Defendants denied him access to the courts by interfering with his legal mail. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). Busick's argument that his claim is sufficient without a showing of actual injury is without merit. *See id.*

To the extent that Busick is raising his interference with legal mail claim as a freedom of speech claim, he cannot prevail as he has not alleged that any of his incoming or outgoing mail was censored. *See Brewer v. Wilkinson*, No. 94-10380, 1995 WL 581939 at *2 (5th Cir. Sept. 13, 1995) (unpublished). To the extent that Busick argues that the district court erred by granting summary judgment on his related state law claims, he has neither cited to any state law authority nor provided any argument regarding state law. As Busick has not sufficiently briefed his state law claims, they are deemed waived. *See Yohey*, 985 F.2d at 224-25.

Busick argues that the magistrate judge erred by granting summary judgment on his freedom of religion claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a), and the Mississippi Constitution. Busick asserts that the affidavit of McNeal that was submitted in support of the motion for summary judgment was false and contradicted by the affidavit he submitted in response to the motion for summary judgment, creating a genuine issue of material fact for trial.

Busick contends that the policy instituted by the Madison County Defendants requiring all magazines and books sent to inmates to be from Tyndale Publishing Company violated his rights to religious freedom because Tyndale did not offer free bibles to inmates while respected religious organizations contacted by Busick did offer free bibles. He maintains that this policy prevented him from practicing his religion because he was indigent and could not afford to order a bible from Tyndale.

Busick sought compensatory and punitive damages, as well as declaratory and injunctive relief. To the extent that Busick sought compensatory damages on his freedom of religion claims, his claims were barred by § 1997e(e) because he did not allege that he suffered a physical injury. *See Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 605-06 (5th Cir. 2008). As Busick has long since been transferred away from the Madison County Detention Center and there is no indication that he will return to that facility, his claims for declaratory and injunctive relief are moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Because Busick did not request nominal damages, his freedom of religion claims could not survive summary judgment on that basis. *See Mayfield*, 529 F.3d at 606. As Busick did not present any evidence that the actions of the Madison County Defendants regarding his freedom of religion claims were callous or motivated by evil intent, he could not recover punitive damages on these claims. *See Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994). Accordingly, we affirm the magistrate judge's grant of summary judgment on Busick's federal law freedom of religion claims on the alternative basis that Busick could not receive any form of requested relief on those claims. *See Mayfield*, 529 F.3d at 605-06.

To the extent that Busick argues that the district court erred by granting summary judgment on his related state law claims, he has neither cited to any state law authority nor provided any argument regarding state law. As Busick

has not sufficiently briefed his state law claims, they are deemed waived. *See Yohey*, 985 F.2d at 224-25.

Arguing that the district court erred by dismissing his claims against the Madison City Defendants, Special Agent Dufour, Special Agent Rollins, the Brandon Defendants, and Deputy Sheriff Frazier, Busick maintains that the district court should have dismissed the claims it found to be barred by *Heck* without prejudice instead of with prejudice. He asserts that his claims against the Madison City Defendants did not challenge the validity of his conviction and were not barred by *Heck* because he initially filed this action before he was convicted and that his claims against the Brandon Defendants were not barred by *Heck* because they concerned the conversion of his personal property, not the validity of his conviction. Similarly, he argues that his claims against Special Agent Dufour for shooting at him and his claims against the Madison City Defendants for refusing to criminally prosecute Special Agent Dufour were not barred by *Heck* because they would not undermine his conviction. Finally, he asserts that the knee injury he suffered running from Special Agent Dufour constituted a physical injury that he sustained from the defendants and that his claims against Deputy Sheriff Frazier should not have been dismissed.

Busick's claims against the Madison City Defendants, Special Agent Dufour, and Special Agent Rollins for bringing false charges against him, for making false statements concerning the charges, for conspiring to conceal facts concerning Special Agent Dufour's allegedly shooting at Busick, and for Special Agent Rollins serving as the temporary foreman of the grand jury were related to the investigation and prosecution of the burglary charge for which Busick was convicted. As the alleged unlawfulness of the defendants' actions would call the conviction into question and the conviction has not been overturned or otherwise invalidated, the district court correctly concluded that the claims were barred. *See Heck*, 512 U.S. at 486-87. The district court correctly dismissed those claims with prejudice. *See Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994).

11

The district court dismissed Busick's claims against the Brandon Defendants for conversion of his personal property on the ground that these claims were state law conversion claims, not constitutional claims. It dismissed Busick's claims against Special Agent Dufour for shooting at him and injuring his knee on the ground that Special Agent Dufour was not acting as a federal employee or a state actor at the time of those actions. As Busick has not addressed the reasoning supporting the district court's dismissal of these claims, he has waived any challenge he could have brought to their dismissal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Busick's claims that the Madison County Defendants refused to criminally prosecute Special Agent Dufour were frivolous as Busick "does not have a constitutional right to have someone criminally prosecuted." *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Busick's claims against Deputy Sheriff Frazier did not set forth facts showing a constitutional violation, and the district court did not err by dismissing them. *See Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988).

AFFIRMED.