# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 10, 2012

Lyle W. Cayce
Clerk

No. 11-40826
Summary Calendar

JAMES EDWARD CAMP,

Plaintiff-Appellant

v.

JERREY WALRAVEN; BILLY MAC; SUE COLT; DONNA K. EARLEY; NORMAN COOK, JR.,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:11-CV-192

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:*

In 2011, James Edward Camp, Texas prisoner # 1411093, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, asserting that in 2006 the defendants had drugged him, kidnaped him, and implanted a transmitter device in him without his consent. After determining that Camp's complaint was untimely, the district court dismissed Camp's complaint pursuant to 28 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1915A(b)(1) as frivolous and for failure to state a claim. Camp has filed a timely appeal from the district court's ruling.

Our case law is unclear as to whether we review a district court's § 1915A dismissal de novo or for abuse of discretion. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (de novo review); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (holding that a § 1915A dismissal as frivolous is reviewed for abuse of discretion). We need not resolve this discrepancy, as Camp's appeal fails under even the more onerous de novo standard of review.

Camp does not dispute that his kidnaping and the purported implanting of the microtransmitter occurred in 2006, that he did not file suit until 2011, and that Texas has a two-year limitations period for the filing of civil rights claims. *See Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2011). Instead, he contends that the limitations period should not begin until either he learned that a microtransmitter had allegedly been implanted (in either 2008 or 2010) or when he learned that such a device could cause cancer or tumors (in 2010 or 2011). Camp's allegations indicate that he was aware that he suffered an injury in 2006 and that he knew the perpetrators of the offenses against him at that time, which is sufficient to start the limitations period. *See Moore v. McDonald*, 30 F.3d 620, 621 (5th Cir. 1994). The fact that Camp alleges that he realized the potential severity of his injuries at a later date does not affect the limitations period. *See Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). Additionally, such allegations are insufficient to establish that Camp is suffering from a continuing tort. *See First Gen. Realty Corp. v. Maryland Cas. Co.*, 981 S.W.2d 495, 501 (Tex. App. 1998).

The district court did not err in concluding that Camp's complaint was frivolous or that he failed to state a claim upon which relief could be granted. *See Ruiz*, 160 F.3d at 275. Consequently, the judgment of the district court is AFFIRMED. The dismissal of Camp's suit in the district court counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383,

387 (5th Cir. 1996). Camp is WARNED that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detailed in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Camp's motion to supplement the record with additional evidence is DENIED. His motion for appointment of counsel is likewise DENIED.